[Cite as *State v. Smart*, 2015-Ohio-3537.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AARON SMART | : | Case No. 2014 AP 11 0050 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the New Philadelphia
                             Municipal Court, Case No. TRC
                             1402144 A-C


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            August 28, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DOUGLAS JACKSON                           BRETT H. HILLYER
150 East High Avenue                      201 North Main Street
Suite 113                                 P.O. Box 272
New Philadelphia, OH  44663               Uhrichsville, OH  44683

*Farmer, J.*

{¶1}   On April 24, 2014, Ohio State Highway Patrol Trooper Shawn Milburn stopped appellant, Aaron Smart, for following too closely to the vehicle in front of him. Upon investigation, Trooper Milburn administered field sobriety tests and a breathalyzer test to appellant.  The result of the breathalyzer test was .147.  Appellant was charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and (d) and following too closely in violation of R.C. 4511.34.

{¶2}   On June 30, 2014, appellant filed a motion to suppress, challenging the stop and the improper administration of the field sobriety and breathalyzer tests.  A hearing was held on August 20, 2014.  By judgment entry filed September 8, 2014, the trial court denied the motion.

{¶3}   On October 27, 2014, appellant pled no contest to the R.C. 4511.19(A)(1)(d) charge.  The remaining charges were dismissed.  By judgment entry filed October 28, 2014, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, one hundred seventy-seven days suspended in lieu of community control sanctions.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS THE BREATHALYZER RESULTS BASED ON THE INGESTION OF CHEWING TOBACCO WITHIN TWENTY MINUTES OF ADMINISTERING THE TEST."

II

{¶6}   "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS THE BREATHALYZER RESULTS BASED ON THE STATE'S VIOLATION OF THE BRIGHT LINE TWENTY MINUTE OBSERVATION PERIOD IN THAT THE TROOPER FAILED TO OBSERVE OR ENSURE THE APPELLANT DID NOT INGEST ANY ADDITIONAL MATERIAL."

I, II

{¶7}   Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶8}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in

any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶9} Appellant challenges the results of the breathalyzer test because the state did not prove that he did not intake chewing tobacco or "snuff" within twenty minutes of the administration of the test, and Trooper Milburn failed to observe him for the required twenty minute period prior to the administration of the test. Ohio Adm.Code 3701-53-02.

{¶10} Trooper Milburn testified he initiated the stop with appellant at 8:35 p.m. T. at 7-8. The traffic citation and the BMV 2255 form (State's Exhibit B) lists the time of 8:37 p.m. The breathalyzer test was administered at the patrol post at 9:07 p.m. T. at 19-20. At the traffic stop, appellant had a "massive bit of tobacco" in his mouth which Trooper Milburn instructed him to spit out. T. at 27. Trooper Milburn started the twenty minute observation period after appellant spit out the tobacco. *Id.*

{¶11} The state introduced a videotape of the stop, State's Exhibit E. There was great confusion and lengthy questioning regarding the stop time on the videotape (8:15 p.m.) vis-à-vis the time Trooper Milburn stated he initiated the stop (8:35 p.m.) and the time he noted the stop (8:37 p.m.). T. at 26-33. At first, Trooper Milburn agreed there was "almost a full ten minutes" time differential (actually twenty minutes) on the videotape because the timing on the videotape did not sync properly. T. at 28. However, the videotape ends at 8:47 p.m., the actual time Trooper Milburn and

appellant arrived at the patrol post.  T. at 31-32.  Trooper Milburn admitted after watching the videotape to the end, the time of his notation of the stop, 8:37 p.m., was incorrect.  T. at 32-33.  He admitted he did not "know what happened" regarding the time.  T. at 33.

{¶12} On the videotape, appellant is observed removing the tobacco in his mouth at 8:25 p.m., prior to the transport to the patrol post.  Although his back was to the camera, it is evident appellant raised his left arm to his mouth and then threw something on the side of the road.  State's Exhibit E.  Twenty minutes after 8:25 p.m. would be 8:45 p.m, and the breathalyzer test was administered twenty-two minutes later.  If one would count the twenty minute time differential, appellant removed the tobacco at 8:45 p.m. (which is not possible since they arrived at the patrol post at 8:47 p.m.), and the twenty minute period would end at 9:05 p.m.  The breathalyzer test was administered at 9:07 p.m.  T. at 20.

{¶13} Trooper Milburn testified after arriving at the patrol post at 8:47 p.m., he advised appellant of the BMV 2255 consent form (State's Exhibit B) which appellant read and stated he understood.  T. at 17-18, 31.  Trooper Milburn testified he observed appellant for twenty minutes before administering the breath test.  T. at 18.  Appellant was in his presence the entire twenty minutes, and appellant did not ingest anything during that time.  T. at 18-19.

{¶14} Appellant testified for the limited purpose of the suppression hearing, and admitted he did not ingest anything prior to the administration of the breathalyzer test after he was instructed to spit out the tobacco.  T. at 38.  Appellant stated the ride to the patrol post was probably ten to fifteen minutes.  *Id.*  He testified Trooper Milburn was not

in his physical presence for the entire time at the patrol post. T. at 36-37. Appellant explained Trooper Milburn left the room for about five minutes and another officer entered the room to stay with him. T. at 37.

{¶15} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶16} From its review of the videotape, the trial court made the following observations on the record regarding "the issue of the breath test and the tobacco in the mouth and the twenty minutes" (T. at 44-45):


THE COURT: But I thought it was like longer rather than not long enough. I made in my notes that he told the defendant to spit out your chew at twenty twenty-four. I actually wrote, I don't know how many seconds so give or take sixty seconds, but at twenty twenty-four spit out your chew, which he complied and did right away like right over on the side you could see, and then so that was about nine minutes after the initial stop and then the time on the test was nine o seven, so that's going on forty minutes, forty-five minutes, right?

MR. HILLYER: Um hum.

THE COURT: Eight twenty-four to nine o seven, and your client testified, your client, Mr. Smart, you testified that you didn't put anything

else in your mouth after you got rid of the tobacco and there were no questions asked about did you, you know, have a little tobacco hidden in there or was there anything left in your mouth, so I'm going to overrule the defendant's motion to suppress. Thank you.

{¶17} We find the trial court's decision to be consistent with the testimony and the evidence presented.

{¶18} Appellant also argues it was not enough to have him spit out the tobacco. He argues Trooper Milburn should have ascertained whether any tobacco residue remained in his mouth. The Ohio Administrative Code does not go so far as to require a mouth-check for "juices and residual tobacco pieces" as argued by appellant in his brief at 4. Further, appellant testified he did not ingest anything after he was told to spit out the tobacco.

{¶19} Upon review, we find compliance with Ohio Adm.Code 3701-53-02, and the trial court did not err in denying the motion to suppress.

{¶20} Assignments of Error I and II are denied.

{¶21} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 8/7